UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. WILLIAM GARDNER, DDS,

    Plaintiff,

v.

DELTA DENTAL PLAN OF NEW MEXICO, INC., DELTA DENTAL PLAN OF MICHIGAN, INC., EDWARD J. LOPEZ, JR., as an Individual and in his capacity as CEO, JESUS C. GALVAN, DDS, as an individual and in his capacity as CFO, and JASON LOUIS SNIDER, as an individual and in his capacity as a manager,

    Defendants.

Case No. 20-cv-1271-MV/LF

## STIPULATED MOTION FOR PROTECTIVE ORDER

Defendants Delta Dental Plan of Michigan, Inc. ("DDMI") and Jason Louis Snider ("Snider"), by and through their attorneys, Moses, Dunn, Farmer & Tuthill, P.C. (Mark A. Glenn and Shay Elizabeth Meagle), Defendants Delta Dental Plan of New Mexico, Inc. ("DDNM") and Jesus C. Galvan ("Galvan"), by and through their attorneys, Montgomery & Andrews, P.A. (Suzanne C. Odom and Kaleb W. Brooks), Defendant Edward J. Lopez, Jr. ("Lopez"), by and through his attorneys, Sutin Thayer & Browne (Lynn E. Mostoller and Jesse D. Hale) and Plaintiff William C. Gardner, by and through his attorney, J. Patrick Laux, (collectively, the "Parties"), having agreed concerning the need for entry of a protective order pursuant to Fed. R. Civ. P. 26(c), respectfully move the Court to enter the proposed Protective Order attached as **Exhibit A** which has been approved by all counsel for the Parties.

1

**JOINTLY SUBMITTED BY:**

MOSES, DUNN, FARMER & TUTHILL, P.C.

By: */s/ Mark A. Glenn*
       Mark A. Glenn
       Shay E. Meagle
PO Box 27047
Albuquerque NM 87125-7047
(505) 843-9440
Email: mark@moseslaw.com
       shay@moseslaw.com
*Attorneys for Defendants*
*Delta Dental Plan of Michigan, Inc. and*
*Jason Louis Snider*

**MONTGOMERY & ANDREWS, P.A.**

By: */s/ Suzanne C. Odom via email 5.28.2021*
       Suzanne C. Odom
       Kaleb W. Brooks
325 Paseo de Peralta
P. O. Box 2307
Santa Fe, NM 87504-2307
(505) 986-2659
Email: sco@montand.com
       kwbrooks@montand.com
*Attorneys for Defendants*
*Delta Dental of New Mexico, Inc. and*
*Jesus C. Galvan, DDS*

**SUTIN, THAYER & BROWNE, APC**

By */s/ Jesse D. Hale via email 5.27.2021*
       Lynn E. Mostoller
       Jesse D. Hale
P.O. Box 1945
Albuquerque, NM 87103
(505) 883-2500
Email: lem@sutinfirm.com
       jeh@sutinfirm.com
*Attorneys for Edward J. Lopez, Jr.*

By  /s/ *Approved via email 5.28.2021*
       J. Patrick Laux
625 W Southern Ave, Suite E
Mesa, AZ 85210
(602) 821-1616
Email: pat@jplaux.com
*Attorney for Plaintiff William Gardner*

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DR. WILLIAM C. GARDNER, DDS,
*dba* Dr. William C. Gardner, DDS, P.A.

      Plaintiff,

v.                                    No. 1:20-cv-01271-MV-LF

DELTA DENTAL PLAN OF NEW
MEXICO, INC., et al.

      Defendants.

## STIPULATED PROTECTIVE ORDER

THIS MATTER comes before the Court upon the Parties' Stipulated Motion for Protective Order to protect the confidentiality of certain information, documents, records and testimony that may be produced or provided in response to discovery and in depositions in this matter, as well as other confidential documents produced in this lawsuit.

**The parties to this action agree and the Court acknowledges that:**

A.    Some information sought in discovery of this case will include medical records or other protected health information, personal identifying information of parties and non-parties, personnel files, or proprietary or nonpublic commercial information (the "Protected Information").

B.    Court-ordered protection of the Protected Information will expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect information or material entitled to be kept confidential, and ensure that protection is afforded only to Protected Information, pursuant to the Court's authority under Fed. R. Civ. P. 26(c); and



    C.    Good cause exists for discovery in this action to be conducted as necessary under a protective order of confidentiality.

    D.    The provisions of this Order shall apply only to the named category of documents, information, items, or materials specifically set forth in this Order.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

    1.    This Order governs the production and handling of Protected Information designated as CONFIDENTIAL that is contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "discovery material"), produced by any person, including parties and non-parties ("producing person"), during the proceedings in this action.

    2.    A producing person may designate as CONFIDENTIAL discovery material that the producing person reasonably and in good faith believes to contain or disclose Protected Information.

    3.    Discovery material containing Protected Information may be designated CONFIDENTIAL by stamping or marking "CONFIDENTIAL," as appropriate, on the face of each page of each document or by using such other procedures as may be agreed upon by the parties. Such stamping or marking shall take place prior to production or subsequent to selection by the receiving party for copying but prior to the actual copying. Such stamping or marking must be done expeditiously so as to reasonably avoid delays in the production of documents or disclosure of information. The stamp or mark shall be affixed in such manner that the written matter or content in the document is not obliterated or obscured.

    4.    In the event that any question is asked at deposition which a party or nonparty asserts calls for Protected Information, such question shall nonetheless be answered by the

witness fully and completely, to the extent required by law. Any party or any non-party witness may, either on the record at the deposition or by written notice to counsel for all parties no later than thirty (30) days after the conclusion or adjournment of said deposition, designate portions of oral testimony as CONFIDENTIAL if such party or nonparty witness reasonably and in good faith judgment believes the criteria for such designations set forth in Paragraph 3 herein are satisfied. A separately bound transcript of those portions of the testimony that contain CONFIDENTIAL information shall be made if requested by the designating party. Certain depositions may, in their entirety, be designated CONFIDENTIAL prior to being taken because of the anticipated testimony.

5. All written discovery requests and responses thereto which contain Protected information shall be designated as CONFIDENTIAL by stamping them in accordance with this Order.

6. The inadvertent or unintentional disclosure by a producing person of discovery material considered by that person to include Protected Information, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific document, material or information disclosed or as to any other document, material or information relating thereto. Any such inadvertently or unintentionally disclosed discovery material shall be designated as CONFIDENTIAL as soon as reasonably practicable after the producing person becomes aware of the erroneous disclosure and shall thereafter be treated as CONFIDENTIAL by all thereafter receiving persons.

7. When Protected Information is presented, quoted or referenced in any deposition, hearing, trial or other proceeding, counsel for the offering party asserting confidentiality shall be responsible to make arrangements or, when appropriate, request the Court to make arrangements,

to ensure that only persons entitled to such information pursuant to paragraph 12 are present during such presentation, quotation or reference.

8. A producing person may redact Protected Information from discovery material that is designated CONFIDENTIAL pursuant to this Order. Any discovery material so redacted shall have "REDACTED" stamped on each page from which material or information has been redacted. As to any redactions performed, the producing person shall provide a description of what has been redacted sufficient to enable the other party to determine whether the redaction is proper.

9. No person receiving discovery material, or a transcript designated as Protected Information or CONFIDENTIAL shall disclose it or its contents to any person other than those described in Paragraph 12 below. No such disclosure shall be made for any purposes other than those specified in Paragraphs 10 and 11 below, and in no event shall such person make any other use of such discovery material or transcript. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons to whom any discovery material or transcript so designated is disclosed. Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript at the foot of a copy of this Order after having such recipient read the Order and having explained its contents to such recipient. Counsel shall be responsible for maintaining a list of all persons to whom any discovery material or transcript so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

10. Except as agreed by the producing person or as otherwise provided herein, discovery material designated as CONFIDENTIAL shall: (i) only be used in the preparation for trial, trial, preparation for settlement conferences(s) or mediations, settlement conferences or mediations, or any appeal of this action and (ii) be maintained in confidence by the party(ies) to

whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 12 below.

11. CONFIDENTIAL discovery material shall be used solely for the purposes described in Paragraph 10 and for no other purpose without prior written approval from the Court or the prior written consent of the producing party or producing non-party.

12. Discovery material designated as CONFIDENTIAL by a producing person shall be disclosed only to the following persons:

  a. Counsel of record in this action and such partners, associate attorneys, paralegal assistants and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense, or settlement of such actions;

  b. Any person, including employees of a party, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action, provided that each such expert has read this Protective Order of Confidentiality in advance of disclosure and undertakes in writing to be bound by its terms. A copy of such writing shall be furnished to the producing person on reasonable request as set forth in Paragraph 9;

  c. The Court having jurisdiction over discovery procedures in this action;

  d. Any court reporter, stenographer or typist recording or transcribing testimony in this action or in a related action in which this Order has been specifically adopted and stipulated to in writing by counsel of record and any outside independent reproduction firm;

  e. Any person who was the author, recipient or copy recipient of a document for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial or deposition;

  f. In-house counsel for a party.

13. In the event that any of the persons in subparagraphs 12 (a-f) above ceases to be engaged in the preparation of this action, access by such person(s) to discovery material designated as CONFIDENTIAL shall be terminated. Any such material in the possession of any such person(s) shall be returned or destroyed. The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

14. The recipient of any CONFIDENTIAL discovery material provided pursuant to this Order shall maintain such documents, material or information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such documents, material or information.

15. In rendering services or otherwise communicating with his or her client, counsel shall not disclose the specific content of any CONFIDENTIAL material, documents or information where such disclosure would not otherwise be permitted under the terms of this Order. Nothing herein shall bar or otherwise restrict any counsel from rendering advice to his or her client with respect to any action in which this Order has been adopted and stipulated to, and in the course thereof, from relying upon CONFIDENTIAL discovery material.

16. In the event that additional persons become parties to this action or a related action in which this Order has been specifically adopted and stipulated to in writing by counsel of record, they shall not have access to CONFIDENTIAL discovery material until they have signed the Order and agreed to be bound and this Stipulated Protective Order has been amended, with the Court's approval, to govern such additional persons.

17. Unless otherwise ordered by the Court, any documents containing, paraphrasing or summarizing discovery material designated CONFIDENTIAL and hereafter filed with the Court shall be filed under seal pursuant to this Protective Order of Confidentiality. The Parties

acknowledge that this Order does not entitle them to seal all confidential information filed with the Court.

18. Any party may at any time request from the producing person, in writing, the release of discovery material or information designated as CONFIDENTIAL, or filed under seal, from the requirements of the terms and provisions of this Order. Upon receipt of such request, the producing person and the party requesting the exemption shall attempt to meet and confer. If the parties are unable to agree as to whether the discovery material or information at issue is properly designated CONFIDENTIAL, any party may raise the issue of such designation with the Court. Pending a ruling from the Court, the CONFIDENTIAL designation shall remain in place and effect.

19. In the event a party seeks to file any document containing Protected Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as CONFIDENTIAL; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as CONFIDENTIAL under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the

document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

20. Nothing in this Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the producing party at least three (3) business days in advance of production or disclosure of the CONFIDENTIAL discovery material to the third party pursuant to such subpoena.

21. Nothing in this Order, nor any failure by a party to challenge the designation by any other party of any discovery material as CONFIDENTIAL, shall be construed as an admission or agreement that any specific discovery material is or is not confidential or proprietary, or is or is not otherwise subject to discovery or admissible into evidence.

22. Nothing in this Order shall be construed as a limitation on the use of admissible evidence at trial, subject to such confidentiality provisions as may be ordered by the Court. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Order, or to enter further Orders respecting confidentiality, discovery, etc., as may be necessary.

23. The obligations of this Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Order irrespective of the manner in which this action is terminated.

24. Upon final determination of the action in which the particular materials were produced, the producing person(s) may request the return to them of all materials designated CONFIDENTIAL and previously furnished or produced in such action, including any copies thereof. Within thirty (30) days from the receipt of such request, each person or party to whom such materials have been furnished or produced shall be obligated to return same, including any copies, or to destroy such documents and certify that they have been destroyed, except that the recipient need not destroy or return transcripts of depositions that refer to CONFIDENTIAL information and CONFIDENTIAL materials filed with the Court. Each party may retain one archival copy of all pleadings in the action, regardless of whether such pleadings (including appendices) contain or refer to CONFIDENTIAL information.

25. The provisions of this Order, insofar as they restrict the disclosure and use of discovery material designated CONFIDENTIAL or information derived therefrom, shall continue to be binding notwithstanding the conclusion of any action in which this Order was adopted and stipulated to, unless written permission to the contrary is obtained from the producing person or the Court otherwise orders.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

**JOINTLY SUBMITTED BY:**

**MOSES, DUNN, FARMER & TUTHILL, P.C.**

By: /s/ *Mark A. Glenn*
    Mark A. Glenn
    Shay E. Meagle
PO Box 27047
Albuquerque NM 87125-7047
(505) 843-9440
Email: mark@moseslaw.com
       shay@moseslaw.com
*Attorneys for Defendants*
*Delta Dental Plan of Michigan, Inc. and*
*Jason Louis Snider*

**MONTGOMERY & ANDREWS, P.A.**

By: /s/ *Suzanne C. Odom via email May 28, 2021*
    Suzanne C. Odom
    Kaleb W. Brooks
325 Paseo de Peralta
P. O. Box 2307
Santa Fe, NM 87504-2307
(505) 986-2659
Email: sco@montand.com
       KWBrooks@montand.com
*Attorneys for Defendants*
*Delta Dental of New Mexico, Inc. and*
*Jesus C. Galvan, DDS*

**SUTIN, THAYER & BROWNE, APC**

By: /s/ *Jesse D. Hale via email May 28, 2021*
    Lynn E. Mostoller
    Jesse D. Hale
P.O. Box 1945
Albuquerque, NM 87103
(505) 883-2500
Email: lem@sutinfirm.com
       src@sutinfirm.com
       jeh@sutinfirm.com
*Attorneys for Edward J. Lopez, Jr.*

By: /s/ J. Patrick Laux via email May 28, 2021
　　　J. Patrick Laux
625 W Southern Ave, Suite E
Mesa, AZ 85210
(602) 821-1616
Email: pat@jplaux.com
*Attorney for Plaintiff William Gardner*

11