IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER, DDS,

      Plaintiff,

v.                                                                      1:20-cv-01271-MV-LF

DELTA DENTAL PLAN of NEW MEXICO,
DELTA DENTAL PLAN OF MICHIGAN, INC.,
EDWARD J. LOPEZ JR., as an individual
and in his capacity as a CEO,
JESUS CARLOS GALVAN, DDS,
as an individual and in his capacity as a CFO,
JASON LOUIS SNIDER
as an individual and in his capacity as a Manager,

      Defendants.

## ORDER ON MOTION TO STAY DISCOVERY

THIS MATTER is before the Court on Plaintiff William C. Gardner DDS, *dba* Dr. William C. Gardner, DDS, P.A.'s Motion for Stay of Discovery, filed on June 30, 2021. Doc. 98 Defendants filed a response (Doc. 114), and plaintiff filed a reply (Doc. 117). Having reviewed the briefing, the relevant law, and the procedural posture of this case, the Court finds that the motion should be GRANTED IN PART.

In his motion, plaintiff asks the Court to stay all discovery directed to him in this case until two criminal cases pending against him in state court are resolved. Doc. 98 at 1. In their response, defendants note that "they do not categorically oppose a stay to accommodate Plaintiff's perceived need to avoid prejudicing his criminal defense." Doc. 114 at 6. Defendants further note that

> When Plaintiff requested their concurrence with a motion to stay discovery, Defendants responded that they would not oppose a stay if (1) the stay was mutual (i.e., applied to all parties); (2) it would not affect or delay the Court's

    consideration of the parties' fully-briefed motions to dismiss; (3) the stay would not apply to deadlines that had already passed (e.g., the stay would not act to revive the expired deadline for Plaintiff to designate expert witnesses); and (4) the stay would have a definite expiration (e.g., 90 days) with further extensions at the Court's discretion.

*Id*. The Court largely agrees with defendants' suggested conditions, and will grant the stay with these conditions attached. First, the Court finds that the stay should be mutual and apply to all parties. The Court discerns no benefit to piecemeal discovery against some parties but not others. Second, the Court's grant of a stay of all discovery will not impact the Court's consideration of the fully-briefed dispositive motions in this case. Third, this stay of discovery does not apply retroactively, and plaintiff's motion does not present any argument that it should. Finally, given the procedural posture of this case, rather than tying the stay of discovery to the resolution of plaintiff's state court criminal cases, the Court will instead stay discovery until the pending dispositive motions have been decided.

    The Court notes that multiple dispositive motions are pending before the Court, which may be fully or partially dispositive of this case. *See* Docs. 57, 58, 62, 65. For example, Defendants' Joint Motion to Dismiss Civil Complaint for Money Damages as *Res Judicata* (Doc. 62), if granted, would dispose of all of plaintiff's claims against defendants. *See* Doc. 62 at 23. The Court's rulings on these dispositive motions may narrow or dispose of the discovery disputes currently pending before the Court (Docs. 107, 121). The Court, therefore, will stay discovery until it rules on the pending dispositive motions. "While courts generally do not favor stays pending resolution of dispositive motions, there is discretion to do so. In particular, courts may exercise the power to stay to provide economy of time and effort for itself and for counsel and litigants appearing before the court." *Schwab v. Kobach*, No. 18-CV-02488-DDC-GEB, 2019 WL 6771779, at *1 (D. Kan. Dec. 12, 2019) (internal quotations and citations omitted).

"[A] court may decide that in a particular case it would be wise to stay proceedings until [certain challenges] have been resolved." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts also have recognized that a stay of discovery may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). "[I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful." *Schwab*, 2019 WL 6771779, at *2 (internal quotations, citations and alterations omitted).

The Court will deny the pending discovery motions (Docs. 107, 121) without prejudice. After the dispositive motions have been decided, if appropriate, the Court will set a status conference to discuss lifting the stay of discovery. The parties may refile their discovery motions at that time, if necessary.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff William C. Gardner DDS, *dba* Dr. William C. Gardner, DDS, P.A.'s Motion for Stay of Discovery (Doc. 98) is GRANTED IN PART. All discovery in this case is stayed until the Court rules on the pending dispositive motions (Docs. 57, 58, 62, 65).

2. Defendants' Expedited Motion for Protective Order (Doc. 107) is DENIED without prejudice.

3. Defendants' Joint Motion to Compel Supplementation of Plaintiff's Initial Disclosures (Doc. 121) is DENIED without prejudice.

4. The discovery hearing set on September 27, 2021 at 10:00 a.m. via Zoom is

    VACATED.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge