UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DR. WILLIAM C. GARDNER, DDS, *dba*
DR. WILLIAM C. GARDNER, DDS, P.A.,

      Plaintiff,

v.   20-cv-01271-DHU-LF

DELTA DENTAL PLAN OF NEW
MEXICO, INC., DELTA DENTAL PLAN
OF MICHIGAN, INC., EDWARD J.
LOPEZ, JR., as an Individual and in his
capacity as CEO, JESUS C. GALVAN,
DDS, as an individual and in his capacity as
CFO, and JASON LOUIS SNIDER, as an
individual and in his capacity as manager,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Dr. William C. Gardner, DDS, *dba* Dr. William C. Gardner, DDS, P.A.['s], Motion to Dismiss Delta Dental Plan of Michigan, Inc.'s Counterclaim for Malicious Abuse of Process (Doc. 57) ("Motion to Dismiss DDMI's Counterclaim") and Plaintiff Dr. William C. Gardner, DDS, *dba* Dr. William C. Gardner, DDS, P.A.['s], Motion to Dismiss Delta Dental Plan of New Mexico, Inc.'s Counterclaim for Malicious Abuse of Process (Doc. 58) ("Motion to Dismiss DDNM's Counterclaim"). After considering the briefs, applicable law, and being otherwise fully informed, the Court concludes that Plaintiff's Motion to Dismiss DDMI's Counterclaim (Doc. 57) and Plaintiff's Motion to Dismiss DDNM's Counterclaim (Doc. 58) are both **DENIED.**

### BACKGROUND

Plaintiff is a dentist residing in Albuquerque, New Mexico. Plaintiff brought this action

against Delta Dental Plan of New Mexico ("DDNM") and Delta Dental Plan of Michigan ("DDMI"), both of which are state-license insurers of dental services provided to policyholders in the states of New Mexico and Michigan, respectively.  Plaintiff also brought this case against Edward J. Lopez, Jr., the former Chief Executive Officer for DDNM;[1] Jesus C. Galvan, the Chief Financial Officer for DDNM; and Jason Louis Snider, who is in a "managerial capacity" for DDMI.  Plaintiff brought seven causes of action against Defendants for: Breach of Contract, Conspiracy to Commit Breach of Contract, Unjust Enrichment, Wire Fraud and Mail Fraud, Tortious Interference, Defamation, and Racketeering.  In DDMI and DDNM's Answers to Plaintiff's Complaint, both defendants put forth a counterclaim for malicious abuse of process. *See* Doc. 35 at 8, Doc. 36, 9.

Defendants filed a Joint Motion to Dismiss Civil Complaint for Money Damages as *Res Judicata* (Doc. 62).  Defendants requested the Court dismiss Plaintiff's Second Amended Complaint (Doc. 33) with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  On March 8, 2023, the Court entered its Memorandum Opinion and Order dismissing Plaintiff's Second Amended Complaint with prejudice.  *See* Doc. 141.  A more fulsome recitation of the facts underlying this dispute can be found in that Order.

On April 22, 2021, Plaintiff filed his Motion to Dismiss DDMI's Counterclaim (Doc. 57) and his Motion to Dismiss DDNM's Counterclaim (Doc. 58) ("Plaintiff's Motions to Dismiss"). In his motions, which appear largely identical apart from their respective references to DDMI and DDNM, Plaintiff argues that there is no factual support for DDMI and DDNM's counterclaims

---

[1] On June 16, 2021, Plaintiff filed a stipulation of dismissal stipulating that "this action be dismissed, as to Defendant Edward J. Lopez, Jr. ***only*** and both as an individual and as the former Chief Executive Officer of Delta Dental Plan of New Mexico, Inc. with prejudice as to all claims and causes of action asserted by Plaintiff against Defendant Edward J. Lopez, Jr." Doc. 92 at 1.

and also that DDMI and DDNM's counterclaims both fail to allege a sufficient cause of action against Plaintiff. Defendants DDMI and DDNM ask the Court to deny Plaintiff's Motions to Dismiss.

## LEGAL STANDARD

### I. Rule 12(b)(6)

Courts consider a motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) by the same standard as a motion to dismiss claims in a complaint. *See Front Row Techs., LLC v. NBA Media Ventures, LLC*, 163 F. Supp. 3d 938, 990-91 (D.N.M. 2016). Rule 12(b)(6) allows for the dismissal of a complaint where the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the [claim] after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pled factual allegations in the claim, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the non-moving party's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than a "sheer possibility." *Id.* "The court's function on a Rule 12(b)(6) motion is

not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (internal citation omitted).

A Rule 12(b)(6) motion is generally decided on the face of the pleadings themselves, and consideration of matters outside the pleadings generally converts a Rule 12(b)(6) motion into a motion for summary judgment. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253 (10th Cir. 2005) (citing Fed.R.Civ.P. 12(b); *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)). However, the Tenth Circuit has recognized that "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment." *Hogan*, 453 F.3d at 1264-65 n.24 (citing *See Grynberg v. Koch Gateway Pipeline Co.,* 390 F.3d 1276, 1278 n. 1 (10th Cir.2004)). "This includes another court's publicly filed records 'concerning matters that bear directly upon the disposition of the case at hand.' " *Hodgson v. Farmington City*, 675 F. App'x 838, 840-41 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)); *see also Hernandez v. Grisham*, 2020 WL 6526163 (D.N.M. Nov. 5, 2020) (noting that the Court may consider, when addressing a rule 12(b)(6) motion, (1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the claim and the parties do not dispute the documents' authenticity, and (3) matters of which a court may take judicial notice).

## II.  Malicious Abuse of Process

A claim for malicious abuse of process under New Mexico law comprises three elements of proof: "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *Fenn v. City of Truth or Consequences*, 983

F.3d 1143, 1150 (10th Cir. 2020).  A mere allegation that one has maliciously filed a complaint is insufficient to state a claim unless it was done without probable cause or was accompanied by some subsequent abuse of process.  *Durham v. Guest*, 2009-NMSC-007, ¶ 24, 145 N.M. 694.

The first element—the misuse of process—can be shown in one of two ways: "(1) filing a complaint without probable cause, or (2) an irregularity or impropriety suggesting extortion, delay, or harassment, or other conduct formerly actionable under the tort of abuse of process."  *Durham*, 2009-NMSC-007, ¶ 29 (quotation marks omitted).  "Probable cause in the malicious-abuse-of-process context means 'a reasonable belief, founded on known facts established after a reasonable pre-filing investigation that a claim can be established to the satisfaction of a court or jury.'"  *Amaya v. Bregman*, 149 F. Supp. 3d 1312, 1318 (D.N.M. 2015) (quoting *Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, ¶ 13, 142 N.M. 150).  Probable cause requires an "objective assessment."  *O'Brien v. Behles*, 2020-NMCA-032, ¶ 62, 646 P.3d 1097.

The existence of probable cause in the underlying proceeding is a question of law that the court should decide.  *Walker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1313 (D.N.M. 2011).  A malicious-abuse-of-process plaintiff who is attempting "to show a lack of probable cause must demonstrate, by the applicable standard of proof, that the opponent did not hold a reasonable belief in the validity of the allegations of fact or law of the underlying claim."  *Id.* (citing *DeVaney v. Thriftway Marketing Corp.,* 1998-NMSC-001, 124 N.M. 512, *overruled on other grounds by Durham,* 2009-NMSC-007).  Alternatively, instead of showing a lack of probable case, a plaintiff can point to "some irregularity or impropriety suggesting extortion, delay or harassment," such as misuse of discovery, subpoenas, and attachments—or an act that otherwise indicates wrongful use of proceedings—such as an extortion attempt.  *Id.*

The second element of proof of a claim for malicious abuse of process is that a primary

motive in the use of process was to accomplish an illegitimate end. For this element, "it is insufficient that the malicious-abuse-of-process defendant acted with ill will or spite." *Walker*, 803 F. Supp. 2d at 1314 (citation omitted). The Supreme Court of New Mexico has given several examples of improper purpose, including: (i) a litigant who pursues a claim knowing that the claim is meritless; (ii) a litigant who pursues a claim primarily to deprive another of the beneficial use of his or her property in a manner unrelated to the merits of the claim; (iii) a litigant who misuses the law primarily for harassment or delay; or (iv) a litigant who initiates proceedings primarily for the purpose of extortion. *DeVaney*, 1998-NMSC-001, ¶ 30. "An overt misuse of process, such as a lack of probable cause, or an excessive attachment, may support an inference of an improper purpose." *Id.*

## DISCUSSION

In this case, DDNM and DDMI allege in their counterclaims that Plaintiff filed his Second Amended Complaint "without probable cause and/or primarily for the purpose of extortion, harassment, or some other illegitimate end." Doc. 35 at 9; Doc. 36 at 9. They also allege that Plaintiff's "primary motive in bringing this litigation is to accomplish an illegitimate end." Doc. 35 at 9; Doc. 36 at 10. Defendants DDNM and DDMI allege that Plaintiff's previous litigation in state court in Case No. D-202-CV-2014-02082 asserted "many of the same factual allegations and legal claims against DDNM and DDMI" as Plaintiff asserted in the present matter, and all of Plaintiff's claims in the 2014 litigation were ultimately "dismissed with prejudice through dismissal motions or motions for summary judgment." Doc. 35 at 9; Doc. 36 at 10. Defendants argue:

> DDNM has sufficiently pled the first two elements of its claim for malicious abuse of process by reference to the proceedings in Case No. D-202-CV-2014-02082 ("State Court Case"), in which Plaintiff or his privities "asserted many of the same factual allegations and legal claims" against DDNM as those that he "assert[s] on

6

>the Second Amended Complaint filed herein" and where those claims were ultimately "dismissed with prejudice." *See* Doc. No. 54, ¶¶ 62-64. These well-pled facts are sufficient to raise a plausible inference that that Plaintiff lacked probable cause to institute the present action because any reasonable party would recognize that the Complaint is barred by application of either res judicata or collateral estoppel.

Doc. 63 at 3. Defendants argue the Court should consider the documents in the 2014 state litigation, and that a "review of well-pled allegations of the counterclaim and the documents referenced therein give rise to a plausible inference that Plaintiff instituted this action against DDNM in bad faith and without probable cause." *Id.* at 4.

>Plaintiff argues:

>Nowhere in the eleven (11) paragraphs to the Counterclaim is such a lack of probable cause manifest. As Plaintiff must emphasize to this Court, the State Court Case was completed; and, **Plaintiff's claims relate to causes of action which arose after the State Court Case.**

Doc. 71 at 7-8. Plaintiff argues that this federal action relates to matters involving his "presence as an Assignee, for example, as opposed to the State court Case in which Plaintiffs were a 'Participating Provider' pursuant to the direct contractual relations of Delta Dental and Plaintiffs." *Id.* at 9-10. Plaintiff argues *res judicata* does not apply to his complaint in this matter, so DDNM and "DDMI cannot raise a plausible inference that Plaintiffs have initiated this federal action as any misuse of process nor that Plaintiffs are seeking to achieve any 'illegitimate end.' " *Id.* at 11.

As an initial matter, pursuant to Rule 201 of the Federal Rules of Evidence, the Court hereby takes judicial notice of the prior state case, *William C. Gardner D.D.S., P.A., v. Delta Dental Plan of New Mexico, Inc. et al.*, filed in the State of New Mexico, County of Bernalillo, Second Judicial District Court, Cause No. D-202-CV-2014-02082 ("State Case"). Additionally, the third element of Defendants' claim—damages—does not appear to be contested by Plaintiff. Defendants allege they have suffered damages, including attorney's fees and court costs. As a

7

result, the Court finds Defendants have met their burden as to the damages prong of their malicious abuse of process claims. The Court now addresses the two remaining elements.

## I. First Element: Misuse of Process

Turning to the first element, the misuse of process, which can be shown in two alternate ways, the Court finds Defendants DDNM and DDMI's counterclaims do not point to "some irregularity or impropriety suggesting extortion, delay or harassment," such as misuse of discovery, subpoenas, and attachments—or an act that otherwise indicates wrongful use of proceedings—such as an extortion attempt. Therefore, they have not shown misuse of process under this test. However, the Court next examines whether Defendants have sufficiently alleged that Plaintiff filed his complaint without probable cause.

The Court finds Defendants have satisfied the first element because they have shown that this Court may plausibly infer that Plaintiff had sufficient information to conclude that the present action is barred by the doctrine of *res judicata*. Taking Defendants' allegations in their counterclaims as true and taking judicial notice of the referenced state case documents, there is at least a plausible inference that a reasonable plaintiff—with the benefit of a pre-filing investigation—would have notice of all facts necessary to determine that the State Court Case precluded this federal proceeding, as this Court ruled in its Order dismissing Plaintiff's Complaint based on *res judicata* (Doc. 141). This inference suffices to show that Plaintiff misused process by bringing his claims against DDNM and DDMI in this action without probable cause.

## II. Second Element: Primary Motive

The second element of proof of a claim for malicious abuse of process is that a primary motive in the use of process was to accomplish an illegitimate end. The Court finds Defendants DDMI and DDNM have sufficiently alleged that a primary motive in the use of process was to

accomplish an illegitimate end. "An overt misuse of process, such as a lack of probable cause, or an excessive attachment, may support an inference of an improper purpose." *Devaney*, 124 N.M. at 522, 953 P.2d at 287. Defendants DDNM and DDMI alleged that "many of the same factual allegations and legal claims" at issue in this litigation were asserted in the prior State Court Case and that those claims were dismissed "with prejudice" at the conclusion of the State Court Case." Doc. 64, 8. The Court agrees with Defendants that these allegations are sufficient to give rise to a plausible inference that *res judicata* applied, and thus that Plaintiff filed his complaint without probable cause. The Court thus finds that the Counterclaims sufficiently plead a primary motive in the use of process was to accomplish an illegitimate end.

Because Defendants DDNM and DDMI have pled sufficient facts to state a claim for relief for malicious abuse of process that is plausible on its face, the Court will deny Plaintiff's request that it dismiss the malicious abuse of process counterclaims.

## CONCLUSION

**IT IS THEREFORE ORDERED** that, for the reasons set forth in this Memorandum Opinion and Order, Plaintiff Dr. William C. Gardner, DDS, *dba* Dr. William C. Gardner, DDS, P.A. Motion to Dismiss Delta Dental Plan of Michigan, Inc.'s Counterclaim for Malicious Abuse of Process (Doc. 57) and Plaintiff Dr. William C. Gardner, DDS, *dba* Dr. William C. Gardner, DDS, P.A., Motion to Dismiss Delta Dental Plan of New Mexico, Inc.'s Counterclaim for Malicious Abuse of Process (Doc. 58) are **DENIED.**

**IT IS SO ORDERED**.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE